**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00177-CR**

**NO. 01-16-00178-CR**

————————————

**TIMOTHY DEMARRE'A LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1304258 & 1441190[1]**

---

**MEMORANDUM OPINION**

Appellant, Timothy Demarre'a Lewis, pleaded guilty to the first-degree

felony offense of aggravated robbery—over sixty-five years old or disabled, without

---

[1]  Appellate cause no. 01-16-00177-CR; trial court cause no. 1304258.
Appellate cause no. 01-16-00178-CR; trial court cause no. 1441190.

an agreed punishment recommendation in the underlying trial court cause number 1304258.[2] The trial court deferred adjudicating appellant's guilt and placed him on community supervision for a period of four years in 2011.[3]

The State subsequently moved to adjudicate appellant's guilt in 2014, alleging that he had violated the conditions of his community supervision by, among other things, committing a new crime, the first-degree felony offense of aggravated robbery—deadly weapon, charged in the second underlying trial court cause number 1441190.[4] Appellant pleaded true to this allegation and, without an agreed punishment recommendation, pleaded guilty to this new offense.

On May 28, 2015, the trial court found the alleged violation of appellant's community supervision true, adjudicated his guilt in trial court cause number 1304258, and assessed his punishment at twenty-five years' confinement. On the same day, trial court cause number 1441190, the trial court also found appellant guilty and assessed his punishment at twenty-five years' confinement, with the sentences to be served concurrently.

The trial court certified that these were not plea-bargain cases and that appellant has a right of appeal. Appellant did not file a notice of appeal in each case

---

[2] *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A), (b) (West Supp. 2015).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2015).

[4] *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 21(e).

2

until February 15, 2016. And on that date, the trial court granted counsel's motion to withdraw but did not appoint new counsel. We dismiss the appeals for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). An appellant may obtain an extension by filing the notice of appeal in the trial court and a motion for extension of time in the appellate court within fifteen days after the deadline passes. *See id.* 26.3.

A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed both judgments on May 28, 2015, and imposed the sentences on that date. Appellant did not timely file a motion for new trial or extension of time to file a notice of appeal, making his notices of appeal due by June 29, 2015. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1), 26.3. Appellant's notices of appeal were not filed until February 15, 2016, more than eight months after the judgments were signed. *See id.* 26.2(a)(1). Thus, under these circumstances, we can take no

action other than to dismiss these appeals for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

## Conclusion

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.[5]

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] However, we note that appellant is not without a remedy and may file a writ of habeas corpus in the trial court, made returnable to the Texas Court of Criminal Appeals, seeking leave to file an out–of–time appeal. *See, e.g.*, *Ex parte Parodi*, PD-1740-11, 2012 WL 669981, at *1 (Tex. Crim. App. Feb. 29, 2012) (not designated for publication) (noting "Article 11.07 writ practice of granting an out–of–time appeal when either the appellate attorney fails to properly file a notice of appeal or when there is a breakdown in the system that prevents the filing of a proper notice of appeal.") (internal quotation marks and citations omitted).